IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　CRIMINAL ACTION NO. 4:20-cr-71

AS- SAMAD HAYNES,

    Defendant.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant's Motion for Acquittal and New Trial, filed on August 8, 2022. Def.'s Mot. Acquittal and New Trial, ECF No. 100 ("Def.'s Mot."). On August 22, 2022, the Government responded in opposition. Resp. Opp. To Def.'s Mot., ECF No. 102 ("Resp. Opp."). The Defendant did not reply. Having reviewed the entire record and the parties' filings this matter is ripe for judicial determination. For the reasons below, Defendant's motion is **DENIED.**

### I. FACTUAL AND PROCEDURAL HISTORY

On January 19, 2022, Defendant was charged in a Third Superseding Indictment with six criminal offenses. Third Superseding Indictment, ECF No. 73 ("Indictment"). The Indictment charged Defendant with: Conspiracy to Distribute and Possess with Intent to Distribute More Than One Kilogram or More of Heroin and Any Detectable Amount of Fentanyl , in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count One); Distribution of Fentanyl and Acetyl Fentanyl Resulting in Death, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (Count Two); Distribution of Fentanyl and Acetyl Fentanyl Resulting in Substantial Bodily Injury, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (Count Three); Possession of Firearms in Furtherance of

1

a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (Count Four); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Five and Six).

A four-day jury trial began on April 12, 2022, in Norfolk, Virginia. At the conclusion of that trial, Defendant was found guilty of all charges. Jury Verdict, ECF No. 85. A sentencing hearing is scheduled for December 14, 2022.

From at least 2017 until the time of his arrest in November 2020, the defendant distributed drugs in Newport News. During this period, the Defendant lived with his then girlfriend, Lisa Dufour. Dufour was a heroin addict who testified about the regularity and frequency of the defendant's drug dealing. T2. at 143-146. Dufour later helped the defendant sell drugs. T2. at 150.

On July 15, 2017, Defendant distributed a mixture and substance containing fentanyl and acetyl fentanyl to Ian Evans and Sean Schroeder. Both Evans and Schroeder overdosed on the defendant's drugs. Schroeder passed away as a result of the overdose. Evans survived the overdose but suffered a number of bodily injuries. T1. at 22-23. While in the hospital, police officers interviewed Evans. T1. at 23. During this interview, Evans identified the defendant as the person who sold the drugs on July 15, 2017, by pointing him out to investigators on Facebook. T1. at 24; T2. at 8. While under oath at trial, Evans again identified the defendant as the drug dealer from whom he and Schroeder purchased the drugs. T1. at 14. Evans testified to buying heroin from the defendant approximately 10 to 15 times in 2017. T1. at 15.

On November 5, 2020, Newport News Police Department stopped the Defendant. T2. at 187-88. The officers arrested the Defendant on an outstanding warrant from Gloucester County. T2. at 189.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 29(c)(1), "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Upon such motion, "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2). In deciding a motion under Federal Rule of Criminal Procedure 29, a district court must consider "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982).

In determining the issue of substantial evidence, it is not necessary for a district court "to be convinced beyond a reasonable doubt of the guilt of the defendant." *White v. United States*, 279 F.2d 740, 748 (4th Cir. 1960), cert. denied, 364 U.S. 850 (1960). Substantial evidence is evidence sufficient for a reasonable jury to find proof beyond a reasonable doubt of each element of the charged offense. *United States v. Smith*, 451 F3d 209, 216 (4th Cir. 2006). As such, a district court may not usurp the jury's exclusive function by weighing evidence, drawing inferences of fact, resolving evidentiary conflicts, or assessing credibility of witnesses. *See United States v. Arrington*, 719 F.2d 701, 704 (4th Cir. 1983), cert. denied, 465 U.S. 1028 (1984); *see also United States v. Dreitzler*, 577 F.2d 539, 545 (9th Cir. 1978). Deference to the jury requires a district court to "construe the evidence in the light most favorable to the Government, assuming its credibility, drawing all favorable inferences from it, and taking into account all the evidence, however adduced." *United States v. Johnson*, 55 F.3d 976, 979 (4th Cir. 1995). Ultimately, a defendant challenging the sufficiency to support his conviction carries a heavy burden." *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997); *United States v.*

*Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995); *United States v. Palomino-Corronado*, 805 F.3d 127, 130 (4th Cir. 2015).

Further, according to Federal Rule of Criminal Procedure 33(a), a court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. Whether to grant or deny a motion for a new trial is within the broad discretion of the district court, which should be disturbed only in very limited circumstances. *See United States v. Smith*, 451 F.3d 209, 216-17 (4th Cir. 2006); *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003).

### III. DISCUSSION

1. <u>The Court Did Not Err By Questioning Prospective Jurors During Jury Selection</u>

Defendant contends that the jury selection process was inadequate in safeguarding his Sixth Amendment right to an impartial jury. Def.'s Mot., ECF No. 100 at 18. The Defendant takes issue with the Court questioning prospective jurors in front of the venire about whether the jurors could remain impartial considering their own experience with drug-related crimes, addiction, and overdoses. *Id*. The Defendant argues that several jurors who discussed their own negative experiences with drug overdoses or drug-related crimes tainted the remainder of the venire. *Id*.

The constitutional standard of fairness requires that the defendant have a panel of "impartial, indifferent jurors." *Murphy v. Florida*, 421 U.S. 794, 799 (1975). However, qualified jurors need not be totally ignorant of the facts and issues involved." *Id*. at 800. In *United States v. Tegzes*, 715 F.2d 505, 507 (11th Cir. 1983), the defendant argued that a prospective juror's discussion of her son's drug overdose during jury selection tainted the panel and warranted a mistrial. *Id*. at 506. The Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") found that the district court's "overall examination of the jury, coupled with the charge to the jury to base

the verdict solely upon the testimony and evidence" protected the defendant's rights. *Id.* 507-509. Similar to *Tegez*, a prospective juror's discussion of their personal experiences did not taint the jury panel in this case. Here, the Defendant requests that the Court to infer that an inquiry into whether individual jurors could remain impartial given their personal experiences results in tainting the entire venire given the descriptions of adverse consequences relating to drugs. That is not the case. The Court finds the Defendant's challenge to the jury selection process without merit.

2. Sufficient Evidence To Convict Defendant of Counts One, Two And Three

The Defendant challenges whether the Government provided sufficient evidence to support the jury's verdict that he distributed and possessed with intent to distribute more than a kilogram of heroin. Def.'s Mot., ECF No. 100 at 19-25. After a trial that included testimony from multiple witnesses and evidence of drugs discovered in the Defendant's residence, the jury completed a special verdict form and found that the defendant distributed more than one kilogram of heroin and possessed with intent to distribute more than one kilogram of heroin. Jury Verdict, ECF No. 85. The evidence presented at trial seen in the light most favorable to the Government proved sufficient to convict the defendant of Count One.

Additionally, the Defendant contends that the evidence presented at trial insufficient to support the jury's verdict that he distributed the fentanyl and acetyl fentanyl that resulted in the overdoses of Schroeder and Evans. Def's Mot., ECF No. 100 at 21. The defendant points to inconsistent witness testimony as reasons to set aside the verdict. Def.'s Mot., ECF No. 10 at 11. However, it is not for the Court to weigh purported inconsistencies at this stage and resolve them in favor of the defendant. *United States v. United Medical and Surgical Supply Corp.*, 989 F.2d 1390, 1402 (4th Cir. 1993) (explaining that the Court must "assume that the jury resolved all

contradictions in testimony in favor of the Government" at this stage in the proceeding). With their verdict, the jury weighed the contradicting testimony and resolved the contradictions.

At trial, the Government provided sufficient evidence to sustain a conviction as to Counts Two and Three because Evans identified the defendant as the person who "sold him the drugs that he and Schroeder took the night of their overdoses." Def's Mot., ECF No. 100 at 21. The testimony of one witness may be sufficient evidence to not disturb the jury's verdict. *United States v. Wilson*, 115 F.3d 1185, 1189-90 (4th Cir. 1997) ("the uncorroborated testimony of one witness or of an accomplice may be sufficient to sustain a conviction"). Further, Evans consistently identified the Defendant as the source of the drugs first when interviewed at the hospital after his overdose and again at trial. T1, 24; T2, 8. Therefore the evidence, in the light most favorable to the Government, proved sufficient for the jury to find the essential elements of Counts One, Two, and Three beyond a reasonable doubt.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Acquittal and a New Trial is **DENIED**.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED.**

Newport News, Virginia
December 12, 2022

Raymond A. Jackson
United States District Judge